**UNITED STATES DISTRICT COURT**

Northern District of California

| | |
|---|---|
| RYAN NOLAN,<br><br>             Plaintiff,<br>   v.<br><br>KAYO OIL COMPANY,<br><br>             Defendant.<br>_____/ | No. C 11-00707 MEJ<br><br>**ORDER GRANTING MOTION TO REMAND [Dkt. No. 10]; DENYING MOTION TO TRANSFER [Dkt. No. 9]** |

### I. INTRODUCTION

Pending before the Court are: (1) Plaintiff Ryan Nolan's Motion to Remand (Dkt. No. 10); and (2) Defendant Kayo Oil Company's Motion to Transfer Venue (Dkt. No. 9). On June 30, 2011, the Court held a hearing on the pending motions. After careful consideration of the parties' arguments, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Defendant's Motion to Transfer.

### II. BACKGROUND

Plaintiff filed this putative class action against Defendant in San Francisco Superior Court on March 4, 2010. Notice of Removal ¶ 1, Dkt. No. 1. On April 12, 2010, Plaintiff filed the operative Amended Class Action Complaint. *Id.*; Bollinger Decl., Ex. A., Dkt. No. 3. The relevant facts, taken from Plaintiff's Amended Complaint and the parties' briefs, are as follows.

Defendant employed Plaintiff as a store clerk at one of its mini-mart locations from December 2006 until June 2008. Mot. at 1. Defendant paid Plaintiff on an hourly basis. Amend. Compl. ¶ 3. Plaintiff alleges that Defendant routinely required him and other similarly situated employees to work overtime, but failed to include all compensation when calculating the regular rate of pay for overtime wages in violation of California Labor Code and applicable Industrial Welfare Commission Wage orders. *Id*. ¶¶ 3, 9, 16, 20. Further, Plaintiff alleges that Defendant failed to provide him and other

similarly situated employees with meal and rest periods in violation of California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders, and failed to provide him and putative class members with accurate wage statements in violation of Labor Code section 226. *Id*.

Plaintiff seeks to represent a class of Defendant's hourly employees who worked between March 3, 2006, and the present ("the Class"), comprised of the following three subclasses:

1. Persons paid on an hourly basis for whom Defendant's records depict a meal period not taken who did not receive a compensation payment by Defendant for the lack of said meal period;

2. Persons paid on an hourly basis who worked alone during a work shift who did not receive a compensation payment by Defendant for the lack of a meal period; and

3. Persons who worked overtime hours and were paid an hourly wage and additional compensation in the same workweek.

*Id*. ¶ 7. Plaintiff estimates that the Class includes "1,000 or more of Defendant's employees geographically dispersed throughout California." *Id*. ¶ 8.

On February 15, 2011, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1453, 1711-15. Plaintiff now seeks an order remanding the action to state court on the grounds that Defendant's removal was untimely and it has failed to establish that CAFA's jurisdictional requirements are satisfied. Defendant maintains that removal was proper, but moves to transfer venue to the district court for the Central District of California pursuant to 28 U.S.C. § 1404(a) on the basis that the Central District is a more convenient forum to litigate this lawsuit. The Court finds the removal issue dispositive and therefore turns its attention to Plaintiff's Motion.

### III.  LEGAL STANDARD

CAFA vests district courts with original jurisdiction in any civil action where: (1) the amount in controversy exceeds the sum or value of $5 million, exclusive of interests and costs; (2) the aggregate number of proposed plaintiffs is 100 or greater; and (3) any member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2), (d)(5); *see Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 884 (9th Cir. 2010). Pursuant to 28 U.S.C. § 1453(b), a

party may remove a class action to federal court in accordance with the procedures for removal set forth in the general removal statute, 28 U.S.C. § 1446(b). The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. at 566. Further, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## IV.  DISCUSSION

In his Motion, Plaintiff contends that Defendant improperly removed this case because subject matter jurisdiction does not exist under CAFA. Specifically, Plaintiff argues that Defendant has failed to establish that this case meets the numerosity requirement under § 1332(d)(5) or the $5 million amount in controversy requirement under § 1332(d)(2). Further, Plaintiff contends that Defendant's Notice of Removal was untimely. Plaintiff therefore requests that the Court remand this action to state court. Assuming without deciding that removal was timely, the Court agrees with Plaintiff that Defendant has failed to meet its burden of establishing that the amount in controversy requirement is satisfied in this case.

### A.  Aggregate Number of Proposed Plaintiffs

Pursuant to § 1332(d)(5)(B), subject matter jurisdiction under CAFA does not exist if "the number of members of all proposed plaintiff classes in the aggregate is less than 100." In his Motion, Plaintiff argues that Defendant has failed to establish that the number of class members in this case exceeds 100. Mot. at 9. Specifically, Plaintiff asserts that Defendant's notice of removal relies on unsupported allegations regarding class size found at paragraphs 7, 16, 17, 20, and 21 in the Notice of Removal. *Id*. Plaintiff argues that without some evidentiary support, these allegations are insufficient to meet the numerosity requirement, especially in light of the fact that Defendant has access to employment records which allow it to precisely ascertain class size. Mot. at 9-10.

However, as Defendant correctly points out, Plaintiff expressly alleged in his Amended

3

1  Complaint that the class "is estimated to include approximately 1,000 or more [sic] Defendants'
2  employees . . . ." Amend. Compl. ¶ 8.  Although the exact number of class members has yet to be
3  determined, Plaintiff has not provided any reasonable basis as to why his allegation that the class may
4  encompasses at least 1,000 members should be disregarded for purposes of determining whether there
5  are at least 100 potential plaintiffs.  Further, Defendant has provided evidence that it employed an
6  average of 963 hourly employees during the relevant class period.  *See* Moore Decl. ¶ 2, Dkt No. 20-
7  1; Opp'n at 2.  Taken together, the Court finds that Plaintiff's allegation and Defendant's proffered
8  evidence sufficiently demonstrates that CAFA's numerosity requirement is met.

**B.      Amount in Controversy**

Next, Plaintiff asserts that Defendant failed to present sufficient evidence to establish that
CAFA's $5 million amount in controversy requirement is satisfied.  Mot. at 10-13.  In his Amended
Complaint, Plaintiff does not allege the amount of monetary recovery he and the class seeks.  In such
instances, the Ninth Circuit has held that, "the removing defendant must prove by a preponderance of
the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. Dow*
*Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  Under this standard, the defendant must provide
evidence showing that it is "more likely than not" that the amount in controversy satisfies the
jurisdictional amount.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  In
determining whether the removing defendant has made a sufficient showing, the court may consider
facts in the removal petition and may consider summary judgment-type evidence relevant to the
amount in controversy at the time of removal.  *See Abrego*, 443 F.3d at 690 (citing *Singer v. State*
*Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Reviewing the current record, the
Court agrees with Plaintiff that Defendant has failed to meet its burden.

In support of its representation that more than $5 million is in dispute in this action,
Defendant proffers various estimates of the amount of penalties and damages the putative class may
be entitled to if they prevail on each of their claims.

With respect to Plaintiff's claim on behalf of the class for failure to provide timely and
accurate wage statements, Defendant estimates that if it is held liable for at least 20,000 violations

4

1  (assuming there are 1,000 class members and 20,000 violations), that would reach the $5 million
2  jurisdictional amount without even considering Plaintiff's other claims. Opp'n at 12.

3  As to the meal and rest break claims, Defendant submits that "[i]f the members of [Plaintiff's]
4  alleged class missed nearly every meal break, as [Plaintiff] alleged for himself, the amount in
5  controversy would exceed $5 million dollars on this claim alone even using the shorter two year, nine
6  month time period (Year 2006 = 963 members x 5 meal violations/week x 36 weeks x $6.75 =
7  $1,170,045; Year 2007 = 963 x 5 meal violations/week x 52 weeks x $7.50 = $1,877,850; Year 2008
8  = 963 members x 5 meal violations/week x 52 weeks x $8.00 = $2,003,040; Total = $5,050,935)."
9  *Id*. at 13-14. Defendant also contends that it could be liable for an equal amount in rest period
10 violations. *Id*. at 14.

11 Although not cited in its Notice of Removal, Defendant also contends that the potential
12 penalties under California's Private Attorneys General Act, Labor Code §§ 2698 *et seq*., could be
13 added to meet the amount in controversy requirement. *Id*. at 15-16. Defendant advances that if 963
14 putative class members worked at least one pay period, and if each of those pay periods were shown
15 to contain an initial violation of the Labor Code, a $100 penalty would be assess per aggrieved
16 employee, per pay period, amounting to $96,300 for a single pay period. *Id*. at 16. Defendant
17 contends that if violations are established in subsequent pay periods, a $200 penalty per aggrieved
18 employee per pay period could be assessed, which would only require 25 more violations per each
19 class member to exceed the remaining $4 million needed to push the total PAGA penalties over $5
20 million. *Id*.

21 Finally, Defendant contends that the amount of unpaid overtime Plaintiff and the class
22 members seek amounts to over $500,000. *Id*. at 17. Defendant proffers that "[a]ssuming 963
23 putative class members . . . are due only 1 hour of unpaid overtime per week, the damages for this
24 claim will total more than half a million dollars for the 140 weeks between March 2006 and January
25 2009. (Year 2006 = $117,004 [or 963 members x 36 wks x $6.75 x .5]; year 2007 = $187,785 [or 963
26 members x 52 wks x $7.50 x .5]; year 2008 = $200,304 [or 963 x 52 wks x $8.00 x .5] for a total of
27 $505,093.)." *Id*.
28

1    The Court has considered the estimates Defendant has proffered and finds that they fall short
2 of establishing that it is more likely than not that at least $5 million is in controversy in this lawsuit.
3    First, without supporting authority, Defendant assumes that *all* of the potential class members
4 (whether 963 based on Defendant's records or 1,000 based on Plaintiff's allegations) were full-time
5 employees who worked every or nearly every work week in the year.  However, Plaintiff has alleged
6 that employees who comprise the class may fall into any of three subclasses depending on the number
7 of hours they worked, whether they had a meal or rest break, and the compensation they received.[1]
8 Because the claims are subclass-specific, some evidence of how many former employees may qualify
9 for membership in each subclass is necessary for determining the potential penalties at stake.  Stated
10 another way, Defendant's use of its entire hourly workforce in its calculations ignores the subclass
11 breakdown which narrows the number of potential plaintiffs who may be awarded penalties and thus
12 inflates Defendant's estimates of the amount in controversy for each of the claims asserted.
13    Second, Defendant has failed to justify the frequency/number of penalties that it utilized in its
14 estimates.  Aside from citing Plaintiff's allegations that he worked overtime on a "routine" and
15 "regular" basis, and that Defendant has a "systematic practice" of failing to pay overtime and provide
16 meal and rest breaks and accurate wage statements, Defendant has not proffered any evidence
17 indicating that every employee worked every pay period – or even the majority of pay periods –
18 during the class period.  To be sure, in estimating the potential penalties for each claims, Defendant
19 did not assume a 100% violation rate; for instance, Defendant assumed only 20,000 wage statement
20 violations or only one hour of unpaid overtime per employee per week.  While this may yield a more
21 conservative figure, Defendant nevertheless has failed to substantiate the number of penalties used in
22 these calculations.  Simply assuming that every employee missed 5 meal breaks a week for the entire
23 class period or that every employee worked at least one hour of overtime a week, without some facts
24 or evidence to support these assumptions, is insufficient to meet Defendant's evidentiary burden.  *See*

---

[1] For instance, it is possible that an employee never worked overtime, but nevertheless may not have received meal breaks.  Under the subclass definitions, such an employee may qualify for membership in subclass (a) or (b), but because the employee did not work overtime, would not be a member of subclass (c).

6

*Dupre v. General Motors*, 2010 WL 3447082, at *4 (C.D. Aug. 27, 2010) (finding penalty calculations that assumed that every putative class member worked the entire four-year class period, that each member worked 200 days per year, and that each member missed one meal break per day without some evidence supporting these assumptions "unpersuasive" and insufficient to establish CAFA minimum amount in controversy).

In sum, although Defendant has proffered estimates indicating that the potential penalties in this case may exceed the $5 million jurisdictional amount required under CAFA, Defendant has failed to come forward with sufficient evidence to substantiate its calculations. As the employer, Defendant has access to employment and payroll records that would allow it to provide more accurate figures as to how many employees worked overtime, the number of meal periods taken or not taken, the number of employees who worked a shift alone, and the number weeks each employee worked. Having failed to provide evidence beyond the average number of employees during the class period and the number of pay statements issued, the Court finds Defendant's calculations are speculative in nature. As a result, the Court finds that Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5 million. The Court therefore lacks jurisdiction over this action under CAFA and must remand the action to state court.

## V.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand (Dkt. No. 10). This matter is hereby **REMANDED** to the San Francisco Superior Court. Further, the Court **DENIES** Defendant's Motion to Transfer (Dkt. No. 9).

**IT IS SO ORDERED.**

Dated: July 6, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge